UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,<br><br>Plaintiffs,<br><br>-against-<br><br>ARISTA PLUMBING, HEATING & PIPING CORP.,<br><br>Defendant. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), to obtain relief related to delinquent employer contributions to employee benefit plans.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because Plaintiffs reside in this district.

**THE PARTIES**

4. Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiff Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") (together, the ERISA Funds and the Charity Fund shall be referred to as the "Funds") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff the Carpenter Contractor Alliance of Metropolitan New York is a New York not-for-profit corporation.

7. Defendant Arista Plumbing, Heating & Piping Corp. ("Arista") is a corporation incorporated under the laws of the state of New York. At all relevant times, Arista was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Arista maintains its principal place of business at 590 78th Street, Brooklyn, New York, 11209.

## STATEMENT OF FACTS

8. At all relevant times, Arista was signatory to, or otherwise manifested an intention to be bound by, a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters (the "Union").

9. The CBA required Arista to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

10. The CBA bound Arista to Plaintiffs' Statement of Policy for Collection of Employer Contributions (the "Collection Policy").

11. Pursuant to the CBA and Collection Policy, Arista was required to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

12. Arista performed Covered Work on a Department of Parks and Recreation Project located at 95 Prospect Park West, Brooklyn, New York 11215 (the "Project") and upon information and belief, failed to remit required contributions to the Funds in connection to the Project.

13. The Funds attempted to conduct an audit of Arista's books and records limited to the Project covering the period October 2, 2015 through the last date of work on the Project ("Audit Period").

14. Arista failed to make its books and records available to the Funds and otherwise failed to submit to the audit.

## FIRST CLAIM FOR RELIEF AGAINST ARISTA
*Breach of the CBA by Arista*

15. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit or assert claims thereto regarding an employer's violation of that CBA.

17. At all relevant times, Arista was a party to a CBA with the Union and consequently bound to the terms of the Collection Policy.

18. Pursuant to the CBA and the Collection Policy, Arista is required to comply with the Funds' request to audit its books and records.

19. Arista violated the terms of the CBA when it refused to comply with the Funds' request to audit its books and records.

20. Pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and the documents and instruments governing the Funds, the Funds are entitled to an order: compelling Arista to submit to an audit, limited to the Project, covering the period October 2, 2015 through the last date of work on the Project, and is liable for all amounts found to be due and owing by this audit, including liquidated damages, interest, and audit costs, plus attorneys' fees and costs and post-judgment interest.

**THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST ARISTA**
*(Unpaid Contributions Under 29 U.S.C. § 1145)*

21. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or

under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

23. The CBA requires that Arista remit contributions to the Funds in connection with all Covered Work it performs.

24. Upon information and belief, Arista has failed to remit all required contributions to the Funds in connection with work performed on the Project.

25. Pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and the documents and instruments governing the Funds, the Funds are entitled to an order finding that Arista is liable to the Funds for all amounts found to be due and owing by an audit of Arista limited to the Project, covering October 2, 2015 through the last date of work on the Project, including delinquent contributions, liquidated damages, interest, audit costs, plus attorneys' fees and costs and post-judgment interest.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1) On Plaintiffs' First Claim for Relief, issue an order compelling Arista to submit to an audit limited to the Project, covering October 2, 2015 through the last date of work on the Project, and finding that Arista is required to pay all amounts found to be due and owing by this audit, including liquidated damages, interest, and audit costs, plus attorneys' fees and costs and post-judgment interest;

(2) On Plaintiffs' Second Claim for Relief, issue an order finding that Arista is liable to the Funds for all amounts found to be due and owing by an audit of Arista, limited to the Project, covering October 2, 2015 through the last

    date of work on the Project, including delinquent contributions, liquidated damages, interest, and audit costs, plus attorneys' fees and costs and post-judgment interest; and

(3) Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
   April 24, 2020

              VIRGINIA & AMBINDER, LLP

           By:   /s/
              Marlie Blaise
              Nicole Marimon
              40 Broad Street, 7th Floor
              New York, New York 10004
              (212) 943-9080
              *Attorneys for Plaintiffs*